IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PABLO ROBERTO VENTURA-TORIBIO<br><br>Defendant | CRIMINAL 07-226 (GAG) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I. Procedural Background**

On June 6, 2007, Pablo Roberto Ventura-Toribio, the defendant herein, was charged in a single-count indictment. Docket 1. On June 22, 2007, the defendant filed a motion for change of plea. Docket 16.

The defendant has agreed to enter a "straight plea" to the sole count of the indictment. Count one of the indictment charges that on or about May 28, 2007, Pablo Roberto Ventura-Toribio, the defendant herein, having reason to know and knowing that the document was false, unlawfully used, attempted to use, possesses, obtained, accepted, and received a non-immigrant visa, to wit: non-immigrant visa foil number 83776853, a document prescribed by statute or regulation for entry into and as evidence of authorized stay in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of any false claim or statement, and to have been otherwise procured by fraud or unlawfully obtained, all in violation of Title 8, United States Code, Section 1546(a) and (b)(2).

## II. Consent to Proceed Before a Magistrate Judge

On June 27, 2007, while assisted by Rafael Andrade-Ravelo, Assistant Federal Public Defender, the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

## III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A. Rule 11 Requirements

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one he would face a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of

not more than three (3) years. The defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, <u>United States Code</u>, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

The defendant was made aware that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone. The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C.  Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

**D.  Plea Agreement & Sentencing Guidelines**

There is no plea agreement.  The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory.  In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute.  Defendant acknowledged having understood these explanations.

**E.  Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence with which the defendant agreed. Furthermore, the undersigned asked the defendant whether he admitted that on March 28, 2007, in Puerto Rico, he possessed and used or attempted to use a non-immigrant visa with number 83776853 knowing that the same was false or that it had been obtained through fraudulent means, to which the

defendant replied in the affirmative. Moreover, the defendant acknowledged that he committed this offense knowingly, that is fully aware and not by accident or mistake. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Pablo Roberto Ventura-Toribio is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the

right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 27th day of June, 2007.

<u>s/Marcos E. López</u>
MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE